106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dr. William K. REID, M.D., Petitioner-Appellant,
v.
SECRETARY OF LABOR, Respondent-Appellee.
 No. 95-3648.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1996.
 
 Before: GUY, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Dr. William K. Reid, M.D., ("Dr. Reid"), seeks review of a decision of the Secretary of Labor ("Secretary") finding that Petitioner is not an employee under certain environmental whistleblower protection provisions ("Whistleblower Statutes"). Petitioner also asserts that the administrative law judge ("ALJ") committed reversible error by refusing to order general discovery before dismissing Dr. Reid's claims for lack of jurisdiction. We AFFIRM.
 
 I. Background
 
 2
 Doctor Reid filed a complaint with the Wage and Hour Division of the Department of Labor (the "Division") against Respondents Methodist Medical Center of Oak Ridge ("MMCOR") and others affiliated with MMCOR and its operations. Doctor Reid's complaint alleged that Respondents engaged in unlawful retaliation against him for activities protected by the Whistleblower Statutes. The Division determined that Dr. Reid had not been retaliated against in violation of the Whistleblower Statutes.
 
 
 3
 Doctor Reid requested a hearing before an ALJ. The ALJ stayed discovery and allowed all parties to file pre-hearing motions and memoranda. Respondents filed motions to dismiss for lack of jurisdiction, and the ALJ held a pre-hearing conference to determine whether Dr. Reid was an employee under the Whistleblower Statutes. Because none of the statutes define the term "employee", the ALJ, in keeping with the Supreme Court's holding in Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318 (1992), construed the term in accord with the common law definition. At the conclusion of this process the ALJ dismissed Dr. Reid's claims for lack of jurisdiction, holding that Dr. Reid was not an employee under the Whistleblower Statutes.[1] The Secretary affirmed, and Dr. Reid appeals from the Secretary's Final Decision and Order.
 
 II. Subject Matter Jurisdiction
 
 4
 The Secretary's conclusion of law that the ALJ applied the proper test in determining that Dr. Reid was not an employee is entitled to great deference and must stand unless this Court finds that the Secretary's decision was an impermissible interpretation of the term "employee". See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Under the two-part Chevron test for reviewing an administrative agency's statutory interpretation, this Court first asks "whether Congress has directly spoken to the precise question at issue." Chevron, 467 U.S. at 842-43. If it has, this Court and the agency "must give effect to the unambiguously expressed intent of Congress." Id., at 843. Second, if this Court determines that Congress has not spoken directly to the precise questions at issue, this Court must decide whether the agency's answer is based on a permissible construction of the statute. Id.
 
 
 5
 The Secretary's findings of fact regarding Dr. Reid's status as an independent contractor are entitled to even greater deference than the Secretary's conclusions of law. Under 5 U.S.C. § 706, this Court must uphold the Secretary's findings as long as they are based on substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966) (citation omitted).
 
 
 6
 We hold that the Secretary properly applied the Darden test to this case. None of the Whistleblower Statutes define "employee". Therefore, the Secretary was correct in applying the common law test for determining who qualifies as an "employee", as summarized by the Court in Darden:
 
 
 7
 In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.
 
 
 8
 Darden, 503 U.S. at 323-24 (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-752 (1989)).
 
 
 9
 The Secretary properly concluded that Dr. Reid did not meet his burden of making a prima facie showing that he was an "employee" of any of the Respondents for purposes of bringing suit under the Whistleblower Statutes. Therefore, the Department of Labor lacked jurisdiction to adjudicate Dr. Reid's claims, and they were correctly dismissed.
 
 III. Stay of Discovery
 
 10
 Doctor Reid's allegation that the Secretary and the ALJ committed reversible error in the ALJ's refusal to order discovery prior to ruling on the jurisdictional underpinnings of the case is also meritless. The facts necessary to determine whether Dr. Reid was an employee under the Whistleblower Statutes were in his control at all times. These facts were either contained in Dr. Reid's contract with Tennessee Medical Management, Inc. or within his personal knowledge. Furthermore, the ALJ properly decided that the interrogatories which Dr. Reid's counsel presented did not involve jurisdictional facts bearing on employer/employee issues. The interrogatories were only relevant to other issues in the case, or they had no clear relevance to the case at all.
 
 IV. Conclusion
 
 11
 For the reasons stated above, the Secretary properly determined that Dr. Reid failed to make a prima facie case that he was an employee under the Whistleblower Statutes. Furthermore, the Secretary and the ALJ did not commit reversible error in staying discovery until reaching a decision on the underlying jurisdictional issues. Accordingly, we AFFIRM.
 
 
 
 [1]
 The Whistleblower Statutes protect only employees, as the following representative statement from the Water Pollution Control Act exemplifies:
 No person shall fire, or in any other way discriminate against ... any employee ... by reason of the fact that such employee or representative has filed, instituted ... any proceeding under this chapter, or has testified or is about to testify in any proceeding resulting from the administration or enforcement of the provisions of this chapter.
 33 U.S.C. 1367(a) (emphasis added).